**Ralph W. Wilkerson, Attorney**
208 N. Broadway, Suite 414
Billings, MT 59101
Telephone No.: (406) 690-8300

Ralph W. Wilkerson
Montana Bar No. 6971
Email: rwwilkerson@cox.net

Attorney for Debtor(s)

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF MONTANA

In re:                                              Case No. 15-60469-13

Russell G. Cassett,

         Debtor(s).

---

### SECOND AMENDED CHAPTER 13 PLAN Dated October 22, 2015

---

   1. The future earnings and other income of the debtor(s) are submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this plan, and debtor(s) shall pay to the Trustee the sum of $ 420.00 each month for months 1 – 3 (June through August 2015); $430.00 per month for months 4 – 5 (September 2015 through October 2015); $460.00 per month for months 6 through 60 (Nobember 2015 through May 2020); for a total term of 60 months, or until all of the provisions of this Plan have been completed. Plan Payments shall commence within thirty (30) days following the filing of the Plan. The Debtor(s) shall make payments directly to the Trustee until their wage deductions begin.

   2. From the payments so received, the Trustee shall make disbursements as follows:

   (a) <u>ADMINISTRATIVE CLAIMS.</u> The Trustee shall pay those claims, fees or charges specified in 11 U.S.C. Section 507(a)(2), including the debtor's attorney fees and costs in such amount as may be allowed by the Court. As of the date of this plan, Debtor's counsel estimates that total attorney fees and costs for representation of Debtor (excluding the fee for filing the Debtor's petition) will be as follows:

   Estimated total attorney fees:                          $ 3,500.00 *
   Estimated total costs:                                  $   200.00
   Total estimated attorney fees and costs:                $ 3,700.00
   Less retainer:                                          $ 1,200.00

**TOTAL FEES AND COSTS TO BE PAID THROUGH THE PLAN:   $ 2,500.00**

\*  If this figure differs from the Disclosure of Compensation originally filed by the Debtor's attorney, said Disclosure must be amended simultaneously with the filing of this plan, or amended as provided in F.R.B.P. 2016(b).

(b) <u>IMPAIRED SECURED CLAIMS.</u>  After payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. Section 506(a), together with interest at the rate prescribed below from the date of confirmation, on a pro rata basis, as follows:

| **Name of Creditor** | **Claim Number** | **Allowed Secured Claim** | **Rate of Interest** |
|---|---|---|---|
| N/A | | | |

(\* This figure is the lesser of the total amount of the debt owing to the creditor or the value of the collateral securing said debt.)

Secured creditors shall retain their liens as provided by 11 U.S.C. Section 1325(a)(5)(B). In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

(c) <u>UNIMPAIRED SECURED CLAIMS.</u>  The following secured creditors, whose claims will be left unimpaired by this plan, are not provided for by this plan and shall receive no payments through the trustee except with regard to those arrearages specified below, if any:

| **Name of Creditor** | **Description of Collateral** |
|---|---|
| **Seterus** | **Home at 1264 Calamity Jane Blvd, Billings, MT 59105** |

**Debtors will continue to pay these creditors directly, outside of the Chapter 13 Plan.**

Concurrently with the payments on impaired claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| **Name of Creditor** | **Amount of Arrearage** |
|---|---|
| **Seterus** | **$12,694.88** |

Upon completion of the Plan, all prepetition arrearages provided for by this Plan shall be deemed current.

(d) <u>DOMESTIC SUPPORT OBLIGATIONS.</u>  After the payments provided for above, the Trustee shall pay all allowed prepetition domestic support obligations. Such allowed claims for prepetition domestic support obligations shall be paid in full under this Plan, without interest (unless otherwise provided).

| **Creditor** | **Complete Address** | **Claim Amount** |
|---|---|---|

**None.**

(e) <u>PRIORITY CLAIMS.</u> After payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C. Section 507.

(f) <u>GENERAL UNSECURED CLAIMS.</u> After the payments specified above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, nonpriority claims on a pro rata basis.

(G) <u>LIQUIDATION ANALYSIS.</u> The total amount distributed under paragraphs 2.(e) and (f) will be at least $ 4,665.00 , which exceeds what would be available to pay unsecured claims if the debtor's estate was liquidated under Chapter 7 of the Bankruptcy Code. A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

3. <u>REJECTION OF CONTRACTS OR LEASES.</u> The debtor(s) rejects the following executory contracts and unexpired leases, and shall surrender property subject to such contracts or leases:

| **Type of Agreement** | **Date of Agreement** | **Other Party to Contract** |
|---|---|---|
| None | | |

All other contracts and unexpired leases shall be affirmed.

4. <u>SURRENDER OF PROPERTY.</u> The debtor(s) surrenders any and all interest in the following described collateral to the stated secured creditor in full satisfaction of the creditor's allowed secured claim. In order for any unsecured deficiency to be allowed and paid under this Plan, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

| **Secured Creditor** | **Description of Collateral** |
|---|---|
| **None.** | |

5. <u>POSTPETITION SECURED DEBT:</u> Debtor(s) reserves the right to incur postpetition secured debts, upon prior written approval of the Trustee, for items necessary to debtor(s) performance under this plan.

6. <u>REPORT OF CHAGES IN INCOME:</u> The Debtor(s) shall commit all projected disposable income to the Plan for the applicable commitment period and shall report any changes in income in excess of $300.00 per month to the trustee.

7. <u>OTHER PROVISIONS:</u>

None

8. <u>DECLARATIONS:</u> Under penalty of perjury Debtor(s) affirms that all federal and state income, employment and other tax returns due as of the date of this plan have been filed with the appropriate agency, and that postpetition payments due on all domestic support obligations have been paid through the date of this Plan.

9. <u>EFFECTS OF CONFIRMATION:</u> Upon confirmation of this plan, all issues that have been or could have been decided involving any creditors are *res judicata*, and Debtor(s) reserves all rights under applicable federal and state law with regard to those issues, including rights under 11 U.S.C. Section 524(i). Debtor(s) specifically reserves all rights under 11 U.S.C. Section 524(i), including the right to ensure that all postpetition mortgage payments be applied and credited to Debtor's mortgage account as if the account were current and no prepetition default existed.

10. <u>PREVIOUS BANKRUPTCIES, AND DISCHARGE:</u> (Check one)

\_\_\_\_ Debtor(s) is not eligible for a discharge of debts because the debtor(s) has previously received a discharge described in 11 U.S.C. Section 1328(f).

\_X\_ Under penalty of perjury, Debtor(s) declares that he/she has not received a discharge in a previous bankruptcy case that would cause him/her to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C. Section 1328(f).

11. <u>INCOME TAX REFUNDS:</u> (Check one)

\_\_\_\_ Debtor(s) projects no income tax refunds during the term of this plan. As a result, no income tax refunds will be turned over to the trustee.

\_X\_ Debtor(s) projects income tax refunds during the term of this plan. During the applicable commitment period of the plan, as defined in 11 U.S.C. Section 1325(b)(4), Debtor(s) will turn over to the trustee all net income tax refunds.

\_\_\_\_ Debtor(s) projects income tax refunds during the term of this plan, and such tax refunds are included in the Debtor's budget.

DATED this \_22nd\_ day of \_\_October\_\_, 2015.

/S/ Russell G. Cassett
Debtor

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of October, 2015, a true and correct copy of the foregoing SECOND AMENDED CHAPTER 13 PLAN DATED October 22, 2015, was mailed to the following:

See attached mailing matrix.

/S/ Ralph W. Wilkerson
Ralph W. Wilkerson

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0977-2<br>Case 15-60469-RBK<br>U.S. Bankruptcy Court, District of Montana<br>Butte<br>Thu Oct 22 18:53:12 MDT 2015 | U.S. Bankruptcy Court, District of MT<br>Room 263 Federal Building<br>400 North Main<br>Butte, MT 59701-8866 | Billings Clinic<br>P.O. Box 35100<br>Billings, MT 59107-5100 |
| Billings Clinic Home Oxygen<br>801 N. 27th Street<br>Billings, MT 59101-1116 | CBB Collections, Inc.<br>P.O. Box 31213<br>Billings, MT 59107-1213 | Federal National Mortgage Association<br>C/O Seterus, Inc.<br>PO Box 1047<br>Hartford, CT 06143-1047 |
| INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>Philadelphia, PA 19101-7346 | Jason Henderson<br>Mackoff Kellogg Law Firm<br>38 Second Avenue East<br>Dickinson, ND 58601-5217 | Lockwood Chiropractic Health Center<br>2850 Old Hardin Road<br>Billings, MT 59101-6839 |
| Midland Credit Management, Inc.<br>8875 Aero Drive<br>San Diego, CA 92123-2255 | Midland Credit Management, Inc.<br>P.O. Box 60578<br>Los Angeles, CA 90060-0578 | Midland Credit Management, Inc. as agent for<br>MIDLAND FUNDING LLC<br>PO Box 2011<br>Warren, MI 48090-2011 |
| Montana Department of Revenue<br>Kim Davis<br>P.O. Box 7701<br>Helena, MT 59604-7701 | Montana Dept of Labor and Industry<br>P.O. Box 8020<br>Helena, MT 59604-8020 | OFFICE OF THE U.S. TRUSTEE<br>U.S. TRUSTEE'S OFFICE<br>LIBERTY CENTER SUITE 204<br>301 CENTRAL AVE<br>GREAT FALLS, MT 59401-3113 |
| Seterus<br>P.O. Box 2008<br>Grand Rapids, MI 49501-2008 | St. Vincent Healthcare<br>Medical Practices Division<br>P.O. Box 30297<br>Billings, MT 59107-0297 | St. Vincent Healthcare<br>P.O. Box 35200<br>Billings, MT 59107-5200 |
| St. Vincent Physician Network<br>Debt. CH 14399<br>Palatine, IL 60055-0001 | St. Vincent Physician Network<br>P.O. Box 780<br>Longmont, CO 80502-0780 | St. Vincent Physician Network<br>P.O. Box 912590<br>Denver, CO 80291-2590 |
| RALPH WOOD WILKERSON<br>LAW OFFICE OF RALPH W WILKERSON<br>208 N BROADWAY, SUITE 414<br>BILLINGS, MT 59101-1943 | ROBERT G. DRUMMOND<br>PO BOX 1829<br>GREAT FALLS, MT 59403-1829 | RUSSELL G. CASSETT<br>1264 CALAMITY JANE BLVD,<br>BILLINGS, MT 59101-7124 |

End of Label Matrix
Mailable recipients    23
Bypassed recipients     0
Total                  23